IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT B. HUTCHINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-1266-D |
| VS. | § | |
| | § | |
| COMMERCIAL RECOVERY | § | |
| SYSTEMS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Commercial Recovery Systems, Inc.'s ("CRS's") May 10, 2013 amended motion to set aside entry of default is granted,[1] and the clerk's April 30, 2013 entry of default is set aside.[2] Plaintiff Scott B. Hutchinson's ("Hutchinson's") April 30, 2013 motion for default judgment is denied, and his May 1, 2013 motion to dismiss with prejudice all defendants except CRS is granted.

The court concludes that, under Fed. R. Civ. P. 55(c), there is "good cause" to set aside the entry of default. "Good cause" is interpreted liberally in the context of Rule 55(c). The court considers such factors as whether the failure to act was willful, whether setting

---

[1] CRS's May 9, 2013 motion to set aside the entry of default, which is superseded by the amended motion, is denied as moot.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly

aside the default would prejudice the plaintiff beyond merely requiring him to litigate his claims, whether the defendant has presented a meritorious defense, and whether the defendant acted expeditiously to correct the default. *See Hilseweck P'ship v. E. Energy Res., Inc.*, 2011 WL 3501719, at *1-2 (N.D. Tex. Aug. 9, 2011) (Fitzwater, C.J.).

The court concludes that CRS's failure to timely file a responsive pleading or otherwise defend was not willful because it had reasons that it reasonably thought prevented it from filing a timely responsive pleading. CRS sought the assistance of outside counsel to file a timely responsive pleading, but outside counsel felt he was not competent to handle a case pending in federal court. CRS's in-house counsel then decided to file a timely responsive pleading himself, but because he was not admitted to practice in this court, he deferred filing the responsive pleading until he was admitted, which did not occur until the day the default was entered. Although there were steps CRS could have taken to file a timely responsive pleading or otherwise defend, its failure to do so was not the result of a willful decision not to defend the lawsuit; it was the result of reasons that it reasonably thought prevented it from filing a timely responsive pleading.[3]

Setting aside the default will not prejudice Hutchinson because he has not raised reasons for prejudice apart from being required to prosecute the lawsuit. *See id.* at *2 ("The mere fact that setting aside the default will delay their recovery or require that they litigate

---

[3]The court notes that it is following this reasoning in the context of setting aside the entry of a default, where the requirement of good cause has generally been interpreted liberally, not in the stricter context of a motion to set aside a default judgment.

- 2 -

their claims is insufficient." (citation omitted)).  And although CRS provides little detail regarding whether it has a meritorious defense, it acted expeditiously to correct the default—it filed the instant motion within two weeks of the entry of default.

Accordingly, the court grants CRS's May 10, 2013 amended motion to set aside the entry of default, and the clerk's April 30, 2013 entry of default is set aside.  CRS must move, answer, or otherwise plead no later than June 13, 2013.

**SO ORDERED.**

May 30, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE