IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SCOTT B. HUTCHINSON,               §
                                   §
                    Plaintiff,     §
                                   §  Civil Action No. 3:13-CV-1266-D
VS.                                §
                                   §
COMMERCIAL RECOVERY                §
SYSTEMS, INC., et al.,             §
                                   §
                    Defendants.    §

MEMORANDUM OPINION
AND ORDER

        In this suit by *pro se* plaintiff Scott B. Hutchinson ("Hutchinson") alleging violations,

*inter alia*, of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"),

Hutchinson moves for summary judgment[1] and for appointment of a receiver.  Defendants

move for leave to respond to Hutchinson's summary judgment motion and to strike summary

judgment evidence on which Hutchinson relies.  Hutchinson objects to defendants' summary

judgment response.  For the reasons that follow, the court denies Hutchinson's summary

judgment motions and his objection to defendants' summary judgment response, and it

denies his motion for appointment of a receiver.  The court denies as moot defendants'

motion for leave to file response to motion for summary judgment and their motion to strike

plaintiff's summary judgment evidence.

---

[1]Hutchinson filed a motion for summary judgment on June 24, 2013.  On September 12, 2013 and September 13, 2013 he filed what appear to be duplicates of the same summary judgment motion.  Defendants' motion for leave to file response to summary judgment motion is addressed to the motion filed "on or after June 24, 2013 ."  Ds. Mot. Leave 1, ¶ 3.

I

The court turns first to the motions related to Hutchinson's motions for summary judgment.

Hutchinson filed a motion for summary judgment on June 24, 2013. On July 11, 2013 defendants notified the court that the parties were finalizing a settlement agreement and would file a stipulation of dismissal when the agreement was completed. The court directed the clerk of court to close the case statistically for administrative purposes. On September 12, 2013 Hutchinson moved to reopen the case, alleging that defendants had breached their obligations under the settlement agreement. The court granted the motion on September 26, 2013.[2] On September 12, 2013 (the same day he moved to reopen the case) Hutchinson filed a "request for entry of summary judgment" that effectively asks the court to treat his June 24, 2103 motion for summary judgment as unopposed and to grant the motion. As noted, *see supra* note 1, Hutchinson filed on September 13, 2013 what appears to be a duplicate of the September 12, 2013 motion. Defendants filed on October 3, 2013 a motion for leave to file a response to the June 24 motion and filed their response the same day. On October 3, 2013 Hutchinson filed an objection to defendants' summary judgment response. On October 23, 2013 defendants filed a motion to strike Hutchinson's summary judgment evidence.

_____

[2]Hutchinson filed a second motion to reopen on September 19, 2013. The court granted his second motion to reopen and denied the first motion as moot.

II

A

Hutchinson's summary judgment motions are procedurally defective in various respects.[3]  N.D. Tex. Civ. R. 56.3(a)(1)-(2) provides that "a motion for summary judgment must . . . on the first page, under the heading 'summary,' state concisely the elements of each claim or defense as to which summary judgment is sought," and "if the motion is accompanied by an appendix and it is necessary to cite support for an assertion about the absence or presence of a genuine dispute of fact, comply with [Rule] 56.5(c))."  Rule 56.3(d) provides that "[a] motion for summary judgment must not contain argument and authorities."  Under Rule 56.3(b), a party moving for summary judgment "may satisfy the requirements of [Rule 56.3(a)] . . . by stating in its motion that each of the required matters will be set forth in the party's brief."  If the party seeking summary judgment chooses to file a brief, the brief must comply with relevant portions of Rules 56.3, 56.4, 56.5 and 56.6.  *See* Rule 56.5(a)-(c).

Rule 56.5(c) provides that "[w]hen citing materials in the record . . . a party must support each assertion by citing each relevant page of its own or the opposing party's appendix."  The appendix must be numbered, formatted, and cited as described in Rule 56.6.

---

[3]N.D. Tex. Civ. R. 56.2(b) provides that, "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment."  Hutchinson has filed more than one summary judgment motion, but this appears to be due to the duplicate filings made on September 12 and 13, 2013, and the fact that he filed successive motions (after his June 24, 2013 motion) after the announced settlement was not consummated.  By discussing multiple motions, the court does not suggest that Hutchinson is entitled to file more than one summary judgment motion.

When a party relies on non-documentary materials, such as audio recordings, the party must "include[] [the exhibits] in the appendix" by "plac[ing] [them] in an envelope that measures 9 x 12 inches." Rule 56.6(b)(2). The envelope "must be numbered as if it were a single page." Rule 56.6(b)(3).

Hutchinson's motions do not contain an adequate summary. The summary contained in his June 24, 2013 motion alleges that defendant Commercial Recovery Systems, Inc. ("CRS") engaged in prohibited collection practices, but it does not contend, for instance, that the evidence establishes beyond peradventure (the applicable summary judgment standard[4]) that CRS violated the statutory and common law provisions that form the basis of his motion. *Cf. Page v. UNUM Life Ins. Co. of Am.*, 1999 WL 1000493, at *1 & n.2 (N.D. Tex. Nov. 3, 1999) (Fitzwater, J.) (describing appropriate summary). He presents arguments and authorities in his motion for summary judgment instead of in a supporting brief. Hutchinson references various recordings that he alleges demonstrate his right to summary judgment, but he fails to include the recordings in an evidence appendix. In fact, he has neither provided the court with an appendix (and thus has not properly cited the appendix) nor specifically cited his attached affidavit.

---

[4]Because Hutchinson will have the burden of proof on the FDCPA claim at trial, to obtain summary judgment, he "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Hutchinson has only introduced a single affidavit, much of which contains conclusory and insufficient allegations of ultimate fact or conclusions of law. *See Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985). He has not established the claim "beyond peradventure."

- 4 -

This court has recognized that "[d]istrict courts can make appropriate allowances for *pro se* [summary judgment] responses that may be somewhat less-artfully written than those of represented parties." *Bookman v. Shubzda*, 945 F. Supp. 999, 1005 (N.D. Tex. 1996) (Fitzwater, J.). But even if the court relaxes the summary judgment briefing requirements to account for Hutchinson's *pro se* status, he is obligated, even as a *pro se* litigant, to comply with substantive obligations, such as the requirements that he address the correct summary judgment standard and present evidence that is sufficient to demonstrate his right to summary judgment under that standard. The defects that the court has identified include such substantive deficiencies as well as procedural ones.

B

Additionally, although Hutchinson states that he is moving for summary judgment on claims that CRS violated the FDCPA, the Texas Debt Collection Act, the Texas Deceptive Trade Practices-Consumer Protection Act, and the Common Law Invasion of Privacy Act, Hutchinson's arguments focus solely on the FDCPA claim. Were the court to consider the motion on the merits, it would treat it as a motion for partial summary judgment. *See Charles v. Allcorn*, 1998 WL 892303, at *1 n.2 (N.D. Tex. Dec. 11, 1998) (Fitzwater, J.). But Hutchinson would then have used up the one summary judgment motion that he is permitted to file without leave of court. *See supra* note 3. It is doubtful that he intends this result.

- 5 -

C

Given the deficiencies in Hutchinson's summary judgment motions, the court denies them without prejudice to his filing a summary judgment motion that is procedurally and substantively sufficient.  This motion must be filed no later than the deadline set by the scheduling order for filing dispositive motions.  The court denies without prejudice as moot defendants' motion for leave to file response to motion for summary judgment and their motion to strike plaintiff's summary judgment evidence.  The court denies as moot Hutchinson's objection to defendants' summary judgment response.

III

The court now considers Hutchinson's motion for appointment of a receiver.

Hutchinson alleges that CRS breached the parties' settlement agreement by refusing to pay a monthly installment due under it.  He asserts that CRS is being sued in courts across the country and that various state attorneys general have filed complaints against the company.  And he avers that CRS is likely to conceal its assets to avoid liabilities to creditors.

The appointment of a receiver "can be sought by anyone showing an interest in certain property." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (citation and internal quotation marks omitted).  The court has discretion to decide whether a movant has satisfied his evidentiary burden in seeking such relief.  *See id.*  Hutchinson has not provided the court a copy of the alleged settlement agreement, and although he has filed exhibits containing hundreds of pages in support of his motion, he has not cited an exhibit

that contains a purported copy of the agreement or otherwise demonstrates an interest in CRS's property.  *See* N.D. Tex. Civ. R. 7.1 & 7.2.  Thus Hutchinson has failed to carry his evidentiary burden in seeking this form of relief.

Even if Hutchinson had carried his evidentiary burden, his motion for the appointment of a receiver fails as a matter of law.  Under both federal and Texas law, settlement agreements are contracts.  *See, e.g., Chen v. Highland Capital Mgmt., L.P.*, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012) (Fitzwater, C.J.); *David L. Smith & Assocs., L.L.P. v. Stealth Detection, Inc.*, 327 S.W.3d 873, 880 (Tex. App. 2010, no pet.).[5]  Thus even assuming the existence of a valid settlement agreement between Hutchinson and CRS, and further assuming that CRS breached the agreement, Hutchinson is "an unsecured simple contract creditor" with "no substantive right, legal or equitable, in or to the property of his debtor." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 308 (5th Cir. 2012) (quoting *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 497 (1923)).  Because Hutchinson has no right to CRS's property, the court cannot appoint a receiver under Fed. R. Civ. P. 66.  *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 322 (1999) (applied to motions to appoint receiver under Rule 66 in *Netsphere*, 703 F.3d at 309-10); 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2983, at 20 (2d ed. 1997) (explaining that contract creditors never have right to equitable remedy of receivership).

Hutchinson's motion for appointment of a receiver is therefore denied.

---

[5]The court need not decide whether federal or Texas law applies because the result is the same under either.

\*   \*   \*

Accordingly, Hutchinson's June 24, 2013, September 12, 2013, and September 13, 2013 motions for summary judgment, September 27, 2013 motion for appointment of a receiver, and October 3, 2013 objection to defendants' summary judgment response are denied.   Defendants' October 3, 2013 motion for leave to file response to motion for summary judgment and their October 23, 2013 motion to strike summary judgment evidence are denied as moot.

**SO ORDERED**.

January 9, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE